STATE OF MISSOURI, Respondent, v. LOU KUNTZ, Appellant.

**St. Louis Court of Appeals, March 13, 1900.**

Indictment: SUFFICIENCY OF: "SLOT MACHINE" A GAMBLING DEVICE. The indictment held sufficient and the "slot machine," as used, a gambling device within section 2195, Revised Statutes 1899. This case is affirmed on the authority of State v. Howell, 83 Mo. App. 198.

Appeal from the Christian Circuit Court.—*Hon. James Tilford, Neville,* Judge.

AFFIRMED.

*Watson & Gideon* for appellant.

(1) The indictment does not charge defendant with using any device named in section 3810, Revised Statutes 1889 (the section under which the indictment is drawn). The court should be able, by an inspection of the indictment, to determine whether a crime is charged. If the device is named in the section and denounced by it, it is as a matter of law a gambling device—but if it requires proof to determine whether or not it is a gambling device, it should be described in the indictment. State v. Ragsdale, 59 Mo. App. 590; State v. Fare, 39 Mo. App. 112; State v. Davis, 70 Mo. 467; State v. Redfern, 52 Mo. 199; State v. Gardner, 28 Mo. 90. (2) The "slot-machine" is not named in section 3810, Revised Statutes 1889, and is not *ejusdem generis* to any device named therein—and its operation is not in violation of said section; for where particular classes are followed by general words, the general words will be limited in their meaning and restricted to objects of like kind. State v. Bryant, 90

Mo. 534; State v. Schurman, 133 Mo. 111; State v. Kruger, 134 Mo. 262; State v. South, 136 Mo. 673. (3) If the slot-machine is not named in the statutes and is not *ejusdem generis* to the devices therein named, then it is not as a matter of law a gambling device, and it was error for the court to admit any testimony over the objections of the defendant. (4) It appears from the indictment and from the evidence, the defendant was a dramshop keeper and the keep-ing of the slot-machine in his saloon, if a gambling device was in violation of the act specially relating to dramshop keepers, and he should have been proceeded against under section 28, of an act approved April 20, 1891. State v. Green, 24 Mo. App. 227; State v. Green, 87 Mo. 583; State v. Debar, 58 Mo. 395; State v. Witty, 74 Mo. App. 550. (5) The legislature of the state of Missouri, has recognized the slot-machine as a proper subject for licenses by towns operating under special charters, thus negativing the contention that they are gambling devices, or to be so considered in this state. Session Acts 1897, p. 55.

*W. A. Long* for respondent.

(1) If the indictment in this case had been under section 3808, Revised Statutes 1889, then the alleged gambling device should have been described, as a slot-machine is not named in the section and other gambling devices are; therefore, the principle of *ejusdem generis* would apply. State v. Gilmore, 98 Mo. 206. (2) But in section 3810, Revised Statutes 1889, no specific kind of a gambling device whatever is mentioned; therefore, *ejusdem generis* does not apply. It is sufficient, therefore, under this section to allege that the slot-machine is a gambling device designed and used as such, and then prove the facts. Hence the indictment in this case is good. State v. Gilmore, 98 Mo. 206; State v.

Scaggs, 33 Mo. 92; State v. Herryford, 19 Mo. 377; State v. Flack, 24 Mo. 378; State v. Mitchell, 6 Mo. 147; State v. Purdom, 3 Mo. 114; State v. Dyson, 39 Mo. App. 297; State v. Trott, 36 Mo. App. 29; State v. Torphy, 66 Mo. App. 434; State v. Mohr, 55 Mo. App. 329.

BIGGS, J.—The defendant was indicted and convicted for permitting a "slot-machine," which was charged to be a gambling device, to be operated on premises owned or occupied by him.    The defendant has appealed.

It is urged that the indictment is insufficient in that it does not describe the slot-machine, and further that the defendant should have been indicted under section 3018, Revised Statutes 1899, as the evidence tended to show that he was a saloon keeper, and that the slot-machine was operated in his saloon building.    These questions arose in the case of State v. Howell, 83 Mo. App. 198 upon substantially the same record that we have here, and were decided adversely to the defendant.    For the reasons stated in our opinion in that case like rulings will be made in this.    Therefore the judgment of the circuit court will be affirmed.    All concur.